IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**NORFOLK SOUTHERN RAILWAY COMPANY And**
**THE ALABAMA GREAT SOUTHERN RAILROAD COMPANY**          **PLAINTIFFS**

**VERSUS**                                      **CIVIL ACTION NO. 2:11cv9KS-MTP**

**THE STATE OF MISSISSIPPI; LAUREL WHOLESALE FEED, LLC;**
**VIKING INVESTMENTS, LLC; BEARD'S FARM SUPPLIES, INC.;**
**GREEN SPRING PROPERTIES, LLC; AND MAGNOLIA FARM**
**& HOME SUPPLY, INC.**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Transfer to State Court **[#40]** filed on behalf of Defendants Laurel Wholesale Feed, LLC, Magnolia Farm & Home Supply, Inc., and Beard's Farm Supplies, Inc. The court, having reviewed the motion, the response, the supporting briefs, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:

## FACTUAL BACKGROUND

This case involves a dispute as to certain property located in Section 5, Township 8 North, Range 11 West in the City of Laurel, Jones County, Mississippi. Apparently, the plaintiffs do not dispute that they own the property but deny ownership of three dilapidated buildings located thereon which were the subject of a public hearing

conducted by the City of Laurel on January 18, 2011, regarding the cleaning of the property. After the hearing, the City passed a resolution ordering that the property be cleaned and the three dilapidated buildings removed. The Resolution authorized the City Inspection Department to obtain bids for the clean-up. The Resolution as interpreted by the City provided that after bids were received and accepted and the property cleaned up, the City would review the costs and adjudicate the responsibility for those costs as prescribed by Miss. Code Ann. § 21-19-11. That code section makes the owners of the property liable for those clean-up costs and appropriate penalties.

Prior to the passage of the Resolution, on January 18, 2011, the plaintiffs filed the present action seeking declaratory relief as to all of the defendants and then two days later, on January 20, 2011, an amended complaint alleging breach of contract claims against the defendants other than the City. In their request for declaratory relief, the plaintiffs requested a ruling that they are not liable for the clean-up costs of the referenced property. The breach of contract claims assert that the non-City defendants have breached various lease agreements concerning maintaining the property and removing the offending structures once they were no longer used for their intended purposes.

On January 28, 2011, the plaintiffs filed a State Court action appealing the passage of the City Resolution. On February 8, 2011, the City passed another resolution setting aside the January 18 Resolution except the provision authorizing the advertising for bids to clean the property. Contending that this action made the plaintiffs' declaratory relief request moot, the City filed a motion to dismiss pursuant to Rule 12(b)(1), (2), (3) and (6) of the Federal Rules of Civil Procedure. The court granted that motion on April 8, 2011, and dismissed the City of Laurel and the plaintiffs'

request for declaratory relief, leaving intact the claims asserted against the remaining defendants.

Thereafter, Defendants Laurel Wholesale Feed, LLC, Magnolia Farm & Home Supply, Inc., and Beard's Farm Supplies, Inc., (collectively, the "Lessee Defendants"), filed the present motion to transfer this matter to the Circuit Court for the Second Judicial District of Jones County, Mississippi.  The Lessee Defendants do no cite any procedure or authority for such a request, and, predictably, Norfolk Southern lodged an objection.  Norfolk Southern points out that this action was not filed in the Circuit Court of Jones County, Mississippi; was not removed to this court; is between diverse parties; and is based on the Lessee Defendants' breach of a contract with Norfolk Southern. However, the Lessee Defendants do argue that this court's jurisdictional limits have not been met and that it is duplicitous with the appeal procedure invoked by Norfolk Southern in state court.

## LAW AND ANALYSIS

Jurisdiction pursuant to diversity of citizenship, 28 U.S.C. § 1332(a) provides

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different states. . .

Courts have universally interpreted this to mean that there must be complete diversity, i.e., that none of the defendants can be a citizen of the same state as any of the plaintiffs.  See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 190-192, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 (5th Cir. 1984).  A case may be brought in federal court only if both requirements of diversity

jurisdiction have been met.

There is not dispute as to the complete diversity of the parties. Instead, the Lessee Defendants' main argument is that Norfolk Southern has not shown that this court's jurisdictional minimum has been met. Lessee Defendants offer no support for this assertion other than their statement that:

> The City has accepted a cleanup and removal bid of $66,000.00, and in their suit the railroad also asks for a year's rent of $3,500.00. Even if the railroad is successful in getting the City to assess the cleanup and removal costs to the defendants, Mississippi law prohibits assessing more than $20,000.00 per year to a party for this type of expense.

However, this court has already addressed whether Norfolk Southern has satisfied the jurisdictional threshold of this Court. In its Order of April 8, 2011, this court stated:

> [T]he court takes judicial notice of the fact that the City has accepted the low bid of $60,000.00 for cleaning this property but has subsequently had to pursue other bids as the low bidder refused to perform. The high bid for this job exceeded $200,000.00. At any rate even considering the amount of the low bid and the potential penalties of up to one-half that amount exceeds the jurisdictional threshold of this court.

Notwithstanding the above, the Lessee Defendants' argument misses the point that the terms of Miss. Code Ann. §21-19-11 regarding the cleanup of dilapidated properties is not the only measure of damages related to the breach of contract claims Norfolk Southern has brought against the Lessee Defendants. In addition to the costs of cleaning up the property and the penalties associated therewith, Norfolk Southern is also seeking additional damages from the Lessee Defendants for attorneys' fees and miscellaneous damages that may result from their failure to comply with the terms of the contract with Norfolk Southern.

The Lessee Defendants' next argument is that this action for breach of contract

against the Lessee Defendants is duplicitous of Norfolk Southern's appeal of the Laurel City Council's resolution regarding ownership of the property at issue and assessment of costs associated with the cleanup of said property. The Lessee Defendants offer no authority to support their contention that even if there are some overlapping issues between Norfolk Southern's breach of contract claims against Lessee Defendants and Norfolk Southern's appeal of the Laurel City Council's resolution, that would entitle Lessee Defendants to a dismissal or transfer of this action to state court.

This federal action is based upon the alleged breach of the contract between Norfolk Southern and the Lessee Defendants. Norfolk Southern is seeking the relief sought in its Complaint against Lessee Defendants without regard to the status of any appeal of the Laurel City Council's resolution. Indeed, the Lessee Defendants are not even parties to the appeal of the Laurel City Council's resolution.

Finally, Lessee Defendants state that they are unreasonably and unnecessarily having to incur double legal costs for defending in both Federal and State court. As stated previously, the Lessee Defendants are not parties to the appeal of the Laurel City Council's resolution, so this argument is without merit.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Transfer to State Court **[#40]** filed on behalf of Defendants Laurel Wholesale Feed, LLC, Magnolia Farm & Home Supply, Inc., and Beard's Farm Supplies, Inc. is denied.

SO ORDERED this the 20th day of June, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE